DON M. ROUNDS, Appellant, v. CITY OF DES MOINES et al., Appellees.

No. 40843.

OCTOBER 20, 1931.

George M. Faul, for appellant.

George P. Comfort, Chauncey A. Weaver, and C. R. S. Anderson, for appellees.

STEVENS, J.—For several years prior to October 30, 1930, appellant was employed by the appellee city in the capacity of assistant assessment clerk. He is a graduate engineer and an honorably discharged soldier of the United States in the World War. On August 29th, he was dismissed from his employment by the appellee Budd but continued to serve in the same capacity until the above date. The return of appellees to the writ of

certiorari issued from the district court tends to show that the dismissal of appellant was in pursuance of a resolution of the city council previously adopted directing the reduction in the personnel of the engineering department by twelve. The resolution of the council in full is as follows:

"Be It Resolved by the City Council of the City of Des Moines: That, inasmuch as funds are not available for the current year to maintain the personnel of the Engineering Department as now organized, it is necessary to reduce the number of men now employed by twelve, and such reduction is hereby made; and, the Superintendent of the Department of Streets and Public Improvements is hereby authorized and directed to make the reduction in force accordingly and to carry this Resolution into effect."

The record is somewhat obscure as to just what is comprehended by the term "engineering department." For many years, the city has maintained an office or employment designated as city assessment clerk. The duty of this officer or employee as disclosed by the testimony offered by appellant is to assist the engineering department in the matter of special assessments. The work of this officer or employee consists largely in the listing of property owners and the making of schedules of property within various sections or assessment districts for the purpose of aiding and facilitating the proper officers in determining and levying special assessments for city improvements. Appellant was employed to examine the records in the recorder's and other county offices for the purpose of obtaining such information and in making plats of the various sections or assessment districts. The work requires some skill and knowledge of county records. Appellant received compensation at the rate of seven dollars per day for his services. The procedure relating to special assessments, so far as shown by the record, is substantially as follows: Upon the adoption by the city council of a resolution of necessity, the city engineer is directed to prepare a plat and schedule. The original of this work is known as a "dummy." When this plat and schedule has been completed, the chief clerk directs the city assessment clerk to prepare such "dummy" and schedule showing the required data and certify the same to the engineering department. It appears that ap-

pellant did much of this work required by the engineering department. The office or employment of city assessment clerk appears to have been created either by the city council or the engineering department for convenience in the preparation of plats and schedules and the ascertainment of other necessary and important information for the use of the engineering department and the council in making special assessments. The showing as to the details of the work performed by the various officers or employees is not clearly disclosed either by the return of appellee or the testimony introduced by appellant.

It further appears from the return of appellees that the office or employment under the designation of city assessment clerk has been abolished. No one was, or has been, employed to succeed appellant.

The writ of certiorari was sought and issued upon the theory that the dismissal of appellant was in violation of Chapter 60 of the Code of 1927, known as the soldier's preference law. So far as material to this controversy, the provisions of this chapter are as follows:

"Section 1159. In every public department and upon all public works in the state, and of the counties, cities, towns, and school boards thereof, including those of cities acting under special charters, honorably discharged soldiers, sailors, marines, and nurses from the army and navy of the United States in the late civil war, Spanish-American war, Philippine insurrection, China relief expedition, or war with Germany, who are citizens and residents of this state, shall, except in the position of school teachers, be entitled to preference in appointment, employment, and promotion over other applicants of no greater qualifications."

"Section 1163. No person holding a public position by appointment or employment, and belonging to any of the classes of persons to whom a preference is herein granted, shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, and with the right of such employee or appointee to a review by a writ of certiorari."

No question of preference, under the provisions of Section 1159, is involved in this proceeding. The preference to which

appellant was entitled thereunder was accorded to him in his original employment.

The review in this court is limited to the single question: was appellant's dismissal contrary to and in violation of Section 1163? The term "preference," as used in this chapter, does not contemplate that an honorably discharged soldier once employed by a municipality shall be retained in such employment after the necessity thereof has expired. In other words, municipalities are not required to maintain an office or employment for an honorably discharged soldier after he has been accorded the preference required by Section 1159. The city has full power "to create, fill, and discontinue offices and employments * * * according to their judgment of the needs of the city." Section 6533, Code, 1927.

The power, therefore, of appellee city to reduce the number of employees or officers in any department or office of the municipality cannot well be questioned. If, therefore, the dismissal of appellant was in pursuance of an order of the city council to reduce the number of employees in the engineering department, its validity cannot be questioned. Lyon v. Civil Service, 203 Iowa 1203. Butin v. Civil Service Commission, 179 Iowa 1048. Babcock v. City of Des Moines, 180 Iowa 1120.

The conclusion to be reached in this case depends upon the interpretation to be given to the resolution of the city council referred to in the record as Roll Call No. 300. The duty imposed upon appellee Budd as superintendent of the department of streets and public improvements by this resolution was to reduce the number of employees in the engineering department by twelve. It is earnestly contended by appellant that he was not an officer or employee of the engineering department but that his employment was exclusively by the city assessment clerk. The city assessment clerk, as we understand the record, is himself a mere employee of the city. He possesses no authority in the matter of levying special assessments. His whole duty relating to this subject is to obtain and certify to the city engineering department information for its use in the preparation of plats, schedules, etc., preparatory to, or in the matter of, levying special assessments. The record at this point might well have been made more clear and explicit.

On August 20th, 1930, appellee Budd sought to relieve appel-

lant of his employment by writing him a letter. This letter is as follows:

"On account of the shortage in the funds necessary for the operation of the Engineering Department for the balance of the fiscal year, you are hereby notified that from and after September 2, 1930, your services will no longer be required by the Engineering Department."

It is conceded that the office or employment of assessment clerk is under the jurisdiction of the superintendent of streets and public improvements. It is apparent from the resolution of the city council and from the letter of appellee Budd, who is a member thereof, that the office of city assessment clerk and his assistant is presumptively classified as a part of the engineering department. The duties of these employees and the work performed by them would seem to connect them directly, if not inseparably, with the engineering department. The exact scope and duties of the engineering department are not, however, shown by the return of appellees. The intention, however, of the city council to reduce the number of employees in the engineering department, including the city assessment clerk and his assistant and employees, we think, is sufficiently established.

Furthermore, it appears from the return of appellants that the position of assessment clerk has been abolished for the reason that there is no further work for him to perform. The removal was not, therefore, upon charges of incompetency or misconduct on the part of appellant but for the reason that his services were no longer necessary and because his office or employment was abolished. In such case, charges are unnecessary. Such is the rule in other jurisdictions. People ex rel. Breckenridge v. Scannell, 54 N. E. (N. Y.) 670. People ex rel. Kehoe v. Leo, 135 N. E. (N.Y.) 234; Moores v. State, 74 N. W. (Neb.) 823; People ex rel. Forest v. Williams, 125 N. Y. Supp., 583; People ex rel. Barton v. Brannon, 126 N. Y. Supp. 47.

We reach the conclusion that the dismissal of appellant was not in violation of the soldier's preference law and, therefore,

the writ was properly quashed. The judgment of the district court is affirmed.—Affirmed.

FAVILLE, C. J., and DE GRAFF, ALBERT and WAGNER, JJ., concur.