WILLIAM KERN, Appellant, v. CITY COUNCIL OF DES MOINES et al., Appellees.

No. 40957.

NOVEMBER 24, 1931.

Lappen, Carlson & Clarke, for plaintiff-appellant.

George Comfort, Chauncey A. Weaver, and C. R. S. Anderson, for defendants-appellees.

KINDIG, J.—On April 22, 1910, the Des Moines City Council, by ordinance, created the position of city claim agent. William Kern, the plaintiff-appellant, on May 4 thereafter, by resolution of the city council, was appointed claim agent under the aforesaid ordinance. Thereafter, by re-appointment, appellant filled that position until April 14, 1920, when he was transferred to the department of Streets and Public Improvements. Then, on May 4, 1920, he was again appointed claim agent by the Des Moines City Council, and continued to hold that position until April 28, 1930. By resolution, passed on the last named date, the Des Moines City Council abandoned the office of claim agent. That resolution is as follows:

"Be it resolved by the city council of the city of Des Moines:

"That inasmuch as funds are not available for the current year to maintain a City Recorder, a Sidewalk Commissioner, and a Complaint Clerk, all in the Department of Streets and Public Improvements, the stenographer and the Record Clerk in the City Clerk's office, *and the Claim Agent in the Legal Department,* (the italics are ours) and the Housing Commissioner, all in the Department of Public Affairs; the Deputy Auditor in the Department of Accounts and Finance, it is necessary that these positions be and are hereby declared vacant; and

"Be it Further Resolved: That the Superintendents of the respective departments shall be and are hereby made responsible for the distribution of the work heretofore performed by the holders of the above named positions. * * *"

Appellant complains because of the city's action taken through the above resolution. He declares that on April 30, 1926, the legal department was placed under civil service. So, appellant concludes that he, at that time being a claim agent under the legal department, likewise became a civil service officer. Whether that is true, we do not now decide, but assume appellant is correct in this respect. Upon the theory that under Chapter 289 of the 1927 Code he is under civil service, and therefore entitled to hold the public position of claim agent, appellant contends that the city council, through the ordinance aforesaid, wrongfully removed him. The basis for this contention is section 5702 of the 1927 Code and related sections. Section 5702 provides:

"No person appointed from the civil service list shall be removed arbitrarily, but may be removed, after hearing, by a majority vote of the civil service commission for misconduct or failure to properly perform his duties."

No charges were preferred against appellant or trial had within the purview of the foregoing section. Under the circumstances, then, did the municipality, through its officers, the defendants-appellees, violate that section of the Code when dispensing with appellant's position through the above-named ordinance?

Section 5712 of the 1927 Code, which is a part of Chapter 289, supra, declares:

"Whenever public interest requires a diminution in the number of employees under civil service, the same may be reduced by resolution of the council. * * *"

Plainly the city council, at least within proper discretion, alone must decide the existence or non-existence of such public interest. Accordingly, the council in this case made its decision and there is nothing to show that it did not act within its fair discretion. Lyon v. Civil Service Commission, 203 Iowa 1203. For analogous cases see Babcock v. City of Des Moines, 180 Iowa 1120; Douglas v. City of Des Moines, 206 Iowa 144; Rounds v. City of Des Moines, 213 Iowa 52.

Consequently appellant may be dismissed without having charges preferred against him and trial thereon, under sections 5702 to 5707, both inclusive, of the 1927 Code. Lyon v. Civil Service Commission, (203 Iowa 1203), supra. Upon this subject we there said, reading on page 1211:

"So far as our attention has been directed to the decisions of the courts in other jurisdictions, they unanimously recognize a distinction between the discharge of an employee by his superior for cause, and the dismissal or discharge thereof where a reduction in the number is sought. * * * The provisions of Chapter 289 (so far as they relate to the preferment of charges and trials thereon) of the Code of 1924 (same in 1927 Code), relating to the civil service, are not applicable where officers or employees are dismissed or discharged from the service, to effect a reduction in the number thereof by abolishing the office."

There is nothing in the record to distinguish the case at bar from the authorities above cited. Clearly, under the record, there was no fraud, subterfuge, or mere arbitrariness in vacating appellant's office. In an endeavor to curtail expenditures, the appellee City Council adopted the plan of requiring each city department head to do, through his department, the services previously performed by the respective employees released. Not only were appellant's services dispensed with in that manner and way, but likewise the duties otherwise devolving upon the other persons named in the resolution were also imposed upon

the respective city departments. Underlying this change of policy is an attempt to economize through the reduction of employees. No new or additional help has been provided to perform the duties previously discharged by appellant and the other released employees. At no time after the resolution was passed did the Des Moines City Council make an appropriation to compensate appellant for the services of claim agent. Hence, his position as such was dispensed with not only through the resolution, but also for failure to appropriate. Furthermore, there was no separate and distinct appropriation to a substitute officer for like work. All the services performed by appellant, while his office existed, under the new resolution are now taken care of by the city attorney's office without the substitution of any particular person therein to fill appellant's former position. While, on the other hand, the duties previously performed by the said other persons relieved from office, subsequent to the resolution were taken over by the respective departments to which each belonged. By taking on the added duties aforesaid, the attorneys in the city legal department in addition to their former legal duties, as above explained, now perform the work previously done by appellant.

If the city, in the manner and way aforesaid, desires to economize, appellant has no just ground for complaint. Many a law office in private practice does its own claim work. Therefore, the city, in inaugurating a similar scheme, is not unique in its venture. It is true that some additional appropriations were made for the city attorney's office, but, with the exception of $1,000 to a certain assistant, the added amounts have not been used. When making the original appropriation, the city contemplated the necessity of additional legal help because of expected street railway litigation. Up to date the extra counsel have not been retained because the emergency has not arisen. Possibly additional help will be needed in the future if the anticipated street car trouble arises. By the foregoing discussion, we do not indicate or suggest that a city could not discharge a claim agent and hire an additional attorney for its legal department to take the place of such agent. Neither do we intend to suggest that when so doing the city could not increase its budget.

On the whole record in the case at bar, however, it cannot

be said that the city to date has materially increased the expense of its legal department. Obviously, then, the position formerly held by appellant was vacated without fraud, sham, subterfuge, or arbitrariness. Had there been such fraud, sham, subterfuge, or arbitrariness, of course a different question would arise. People v. Coffin, 119 N. E. 54 (Ill.) ; Murphy v. Justices of the Municipal Court, 116 N. E. 969 (Mass.). Those cases, however, do not apply under the facts here involved because, as above stated, there is no fraud, sham, subterfuge or arbitrariness.

We conclude, therefore, that the appellant has no just cause for complaint and the action of the district court in quashing the writ must be sustained. Therefore, the judgment of the district court is affirmed.—Affirmed.

FAVILLE, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.