J. W. HOLMES, Appellant, v. JAMES R. REESE, Sioux City Manager Iowa State Employment Service, et al., Appellees.

No. 43299.

FEBRUARY 18, 1936.

Milchrist, Schmidt & Marshall, for appellant.

Edward L. O'Connor, Attorney General, and Le Roy A. Rader, Assistant Attorney General, for appellees.

MITCHELL, J.—J. W. Holmes was employed continuously in Sioux City since 1918 in the position of clerk of the state employment bureau, which was organized under the provisions of chapter 77, Code of Iowa 1931 (section 1542 et seq.), and amendments thereto. He is an honorably discharged veteran of the Spanish-American War, and as such is entitled to the benefits of chapter 60, Code of 1931 (section 1159 et seq.), entitled "Soldiers' Preference Law." The position which he occupied was not that of private secretary or deputy of any official or department, and he did not hold a strictly confidential relationship to the appointing official.

On May 1, 1933, Frank E. Wenig, who was then, and is now, the commissioner of labor for the state of Iowa, informed Holmes that the position he held had been abolished. Holmes thereupon commenced an action in the district court of Woodbury county, Iowa, in which he asked that Wenig be enjoined from discharging him without filing charges and granting him a hearing. Thereafter he amended his petition by praying for alternative relief by way of an injunction or the issuance of a writ of certiorari.

The defendants answered in substance that Holmes was not discharged, but that the position which he held was abolished, and that the state of Iowa by an act of the legislature had accepted the provisions of the act passed by the 73d Congress, known as the Wagner-Peyser Law (29 USCA section 49 et seq.), under which act a new employment service was set up.

A stipulation was then entered into between the parties that

"the cause shall be tried as though a writ of certiorari had issued, and that the court shall by its judgment determine the right of the plaintiff to retain his employment in the Iowa State Employment Service."

A return was duly made and the cause submitted to the court, which held that the effect of chapter 16, Acts of the 45th General Assembly, Ex. Sess., was to abolish and terminate the position previously held by Holmes, and found for the defendants.

Being dissatisfied with the ruling of the lower court, Holmes has appealed.

There is but one single issue in this case, and that is whether or not the position which the appellant was holding was abolished.

The Soldiers' Preference Law in approximately its present form has been upon the statute books of Iowa for better than thirty years. The state of Iowa has jealously guarded the rights of an honorably discharged war veteran, not only to appointment to public employment (other than deputy or confidential relation), but has with equal care, protected him against removal for any ground other than misconduct or incompetency, and then only after charges, notice, and hearing.

But it is conceded by the appellant that the Soldiers' Preference Law does not entitle an honorably discharged veteran to a hearing on stated charges in the event that the position which he occupies is legally abolished. Lyon v. Civil Service Commission, 203 Iowa 1203, 212 N. W. 579; Douglas v. City, 206 Iowa 144, 220 N. W. 72; Rounds v. City, 213 Iowa 52, 238 N. W. 428.

So the question we must decide is whether or not the position that Holmes held was abolished.

Some years ago, by proper enactment of the legislature, the state of Iowa organized what was known as the State Employment Bureau. It was in this department that the appellant was employed. The Seventy-third Congress of the United States passed what is known as the Wagner-Peyser Act, which act, in brief, provided for the establishment of a national employment system, and for cooperation with the states in the promotion of such system, and created in the United States Department of Labor a bureau to be known as "United States Employment Service", abolishing the employment service then

existing. The act provided for the establishment and maintenance of public employment offices in the several states, and that, before any state could receive the benefit of the federal act, ''a state shall through its legislature accept the provisions of this act and designate or authorize the creation of a state agency, vested with all power necessary to co-operate with the United States Employment Service under the act.'' The state of Iowa by an act of the Forty-fifth General Assembly, in Extraordinary Session, chapter 16, (Section 1525-f1 et seq., C. '35) accepted the provisions of the Wagner-Peyser Act, and designated the State Bureau of Labor as the agency of the state to co-operate with the United States authorities and to do and perform all things necessary to secure for the state of Iowa the benefits of such act in the promotion and maintenance of a system of public employment offices.

Under the Wagner-Peyser Act it became necessary for Mr. Wenig, as the agent designated to co-operate with the United States Employment Service, to submit to the director detailed plans for carrying out the provisions of this act within the state of Iowa. He did so submit, and the first plan was rejected by the federal government, and then a supplemental plan was prepared by the United States Employment Service, which was approved by Mr. Wenig and the Governor of the state of Iowa. Under this supplemental plan, which was approved by the officials in Iowa designated by the legislature to do so, it was necessary ''that all employees of the Iowa State Employment Service be certified for permanent appointment on the basis of competitive examination, to be administered by the United States Employment Service; that the first examination should be given not later than June 1, 1934.'' It will be noted that under this agreement all of the employees of the Iowa State Employment Service had to take competitive examinations before they could be certified for permanent appointment. This included the position held by appellant. These examinations were given, and among others who took the examination was the appellant in this case. The questions submitted were prepared by the United States Employment Service, and the gradings made by the officials of that service, which was part of the agreement entered into by the state of Iowa and the federal government. Appellant stood seventy-ninth in the list of those who submitted to the examination. Mr. Parke, who is also an

ex-service man, was seventh, and, to insure efficiency in the new employment service, Parke, an ex-service man, was appointed, and his appointment over the appellant is justified by reason of the fact that his general average and his place on the list of those taking the examination was higher.

When the state of Iowa through its legislature accepted the provisions of the Wagner-Peyser Act, it thereby abolished the office that appellant was holding, for, in order to come under the provisions of the federal act—and the provisions of the federal act were very favorable to the state of Iowa for they carried an appropriation of a considerable size—it was necessary that examinations be taken before appointments were made. This was done. The funds now used in the payment of these employees are funds provided both by the United States government and the state of Iowa, while the position appellant had held before was one for which the salary was paid by the state of Iowa alone. The entire employment service was reorganized, and with the reorganization came the abolishment of appellant's position. It being conceded by the appellant that, if the position he was holding was abolished, he was not entitled to have charges preferred against him and a hearing as provided by the Soldiers' Preference Act, it therefore follows that the lower court was right in denying him the relief he asked, and judgment and decree of the lower court must be, and it is hereby, affirmed.

DONEGAN, C. J., and all Justices concur.