JOSEPH A. COUCH, Appellee, v. CLAUDE M. STANLEY et al., Appellants.

No. 45184.

AUGUST 6, 1940.

J. Charles Crawley, Homer M. Lyon, and George Finch, for appellants.

Edward Breen and Ralph N. Lynch, for appellee.

MILLER, J.—Plaintiff filed a petition for writ of certiorari, asserting that he was employed by the respondent commission

as an intermediate mail clerk, thereafter took and passed the examination for that position, under the rules and regulations of the commission, was given temporary employment as intermediate clerk, and 7 months later was notified that he had satisfactorily met the requirements of his probationary period so that his appointment was permanent; on May 24, 1939, he was notified that the commission had rescinded his appointment and his employment would terminate June 30, 1939; such action constituted wrongful dismissal without cause in violation of law and the rules of the commission. Plaintiff prayed that a writ of certiorari issue commanding the commission to certify the record in reference to his employment and dismissal, that a hearing be had, the action of the commission be reversed as illegal and plaintiff be reinstated.

The writ of certiorari was issued, the commission made its return, a hearing was had and the court determined the matter in favor of the plaintiff. Judgment was entered to the effect that plaintiff was discharged illegally and without cause, he was ordered reinstated with back pay. The commission appeals.

The facts shown by the record are not in serious dispute. Accordingly, this appeal presents questions of law for our determination.

On January 21, 1938, the commission adopted what is designated as regulation No. 19. This was adopted pursuant to statutory authorization now contained in subparagraph D of section 1551.17, Code, 1939. It provided for a "merit system" of appointment of employees. The regulation comprises 25 pages of the abstract. Hence, we do not set it out in full, but will refer to those provisions which are applicable herein.

Rule VI, of regulation No. 19, provides for applications for employment and competitive examinations. Section 1 of Rule VII provides for a register of those applicants whose total or average rating in an examination is not less than 70 percent. Section 5 of Rule VII provides that, whenever a vacancy occurs or a new position is authorized, the supervisor of exam-

inations shall be notified, the requisition stating the number of positions in each class. Section 6 of Rule VII provides that, upon receipt of such requisition, it shall be the duty of the supervisor of examinations to submit the three highest names on the appropriate register, and, if there is more than one vacancy, the number of names certified shall be five times the number of positions, divided by three.

Section 1 of Rule VIII provides: "All vacancies in the classified service shall be filled in accordance with these Regulations. Selection shall be made for each position from the names on the certificate, submitted by the supervisor in accordance with Rule VII, Sec. 6." Section 2 of Rule VIII provides that all persons on the payroll 60 days preceding the adoption of the regulation, who have demonstrated that they are properly qualified, may be retained provided they attain a passing mark of 70 percent in open competitive examinations.

Section 1 of Rule IX provides: "All original appointments shall be made. for a probationary period of six months. This probationary period shall be an intrinsic and integral part of the examination process, and shall be utilized for the most effective adjustment of a new employee and for eliminating any probationary employee whose performance does not meet the required standard of work." Section 2 of Rule IX provides that permanent appointment shall begin with the date ending the probationary period, provided that services have been satisfactory.

Section 1 of Rule XII provides: "The Commission, after due notice in writing, may dismiss any employee who is negligent or inefficient in his duties or guilty of gross misconduct."

Appellee was appointed temporary bookkeeper and mail clerk on March 15, 1938. The appointment was not made pursuant to regulation No. 19 because, while the regulation was then "in effect", it was not yet "in operation". This delay was due to the fact that the regulation had to be approved by the Bureau of Social Security Board in Washington, D. C.

On May 28, 1938, appellee took the open competitive

examinations, given pursuant to regulation No. 19, for the positions of intermediate clerk and senior clerk. As to intermediate clerk, his general average was 84.28 and his position on the register was No. 103. As to senior clerk, his general average was 82.35 and his position on the register was No. 175.

On July 5, 1938, the commission, by unanimous vote, adopted a motion, whereby various appointments were made "as provided for in Section 1, Rule IX of Regulation No. 19 and, in accordance with the payroll list for the period July 1st to July 15, 1938." In this payroll list, under "Mail Section", appellee's name appeared as "Inter. Clerk".

On July 6, 1938, the supervisor of examinations submitted to the commission a list of persons employed by the commission prior to the date of the examinations. Appellee's name appeared as holding the position of "Bookkeeper and Assistant Mail Clerk" and his general average in each of the two examinations taken by him was shown, but not his position on the registers. In the letter which accompanied the list the supervisor of examinations stated: "We included all persons who were employed by the Commission on June 8 regardless of the date on which they were hired. Only those employees who were on the payroll prior to November 21, 1937, are entitled to preferential treatment in the making of permanent appointments, as is set forth in Rule 8, Section 2 of Regulation 19. Persons employed subsequent to November 21, 1937, should be considered in the same manner as applicants not previously employed by the Commission."

On August 2, 1938, the commission, by unanimous vote, adopted a motion to notify the supervisor of examinations of all appointments made. In the list, appellee's name appeared as appointed "Inter. Clerk, 7-1-38".

On December 27, 1938, a motion was made for "permanent appointments of personnel of the commission at the end of their probationary periods, as provided for in Rule IX, Section 2 of Regulation No. 19." The list showed that appellee held the position of intermediate clerk and his probationary

period expired December 26, 1938. Commissioners Kies and Scholes voted "Aye". Commissioner Stanley stated: "I am not confirming the permanent appointment of those who are not eligible under the Merit System, and will present to the Commission a list of such individuals later."

On February 14, 1939, a motion was adopted unanimously that the secretary notify all employees of the commission of their permanent appointments. Two days later the secretary notified appellee of his permanent appointment effective as of January 1, 1939, subject to Rule XII of regulation No. 19.

On May 24, 1939, Commissioner Stanley made a motion that the action of the commission of December 27, 1938, granting certain listed individuals permanent appointments "be rescinded on the basis of such appointments not being made in conformity with Regulation No. 19 and that the Secretary notify said individuals that their services would be terminated as of June 15, 1939 or June 30, 1939," in the discretion of the secretary. Appellee's name was listed. The motion carried with Commissioner Kies voting "Nay", and Commissioners Stanley and Pefferle voting "Aye". On the same day the secretary notified appellee that the commission had rescinded its action appointing him as intermediate clerk "for the reason that such appointment had not been made in conformity with the provisions of Regulation No. 19, * * * the records of the office had been examined and did not indicate that his rating on the Merit list entitled him to an appointment and that his services would be terminated at the close of business June 30, 1939."

The trial court determined that the action of the commission on May 24, 1939, was invalid. Appellants assert that the action taken on July 5, 1938, and December 27, 1938, was contrary to regulation No. 19 and invalid so that the action taken May 24, 1939, was proper. Appellants contend that appellee's appointment did not comply with section 1 of Rule VIII of regulation No. 19 because his name was not certified by the supervisor of examinations as required by section 6

of Rule VII. Also, since appellee was not employed until after regulation No. 19 was adopted, appellee was not entitled to preference under section 2 of Rule VIII.

Appellee states the question presented for our decision thus:

"As was stated at the outset of this Division of appellee's argument, he has never at any time made any claim that he was entitled to any privileges under section 2, Rule VIII, Regulation 19, the 'grandfather clause' as he was not employed until March, 1938. No reference need further be made to the 'grandfather clause'. The record is without dispute that he was never certified by the Supervisor of Examinations to the Commission after a request for certification, under sections 5 and 6, Rule VII, Regulation 19 of the Commission. The only question left as to this Division of the argument is whether or not such a certification was necessary in order to qualify Appellee Couch as a permanent employee."

Appellee contends that section 1 of Rule · VIII does not apply because no "vacancy" existed. The contention is that, since appellee was serving under a temporary appointment, there was no vacancy. However, the action of July 5, 1938, placed appellee in a position of one on probation, after passing the required examination. As to such status, a vacancy existed. Holmes v. Reese, 221 Iowa 52, 265 N. W. 384. There is no merit in this contention of appellee.

Appellee also contends that the record shows a contemporaneous interpretation of the rules that the provisions of sections 5 and 6 of Rule VII and section 1 of Rule VIII are not mandatory but discretionary. The evidence relied upon shows that, when a requisition was made for two senior claim deputies, instead of certifying the first four, as required by section 6 of Rule VII, the supervisor of examinations certified the first 25 names on the register, and Nos. 2 and 23 were appointed therefrom. There are two answers to appellee's contention. A violation of the regulation is not justified by evidence of other violations. Also, even though more names were certified than the rule provides, the names were certified in proper order. As

to appellee, however, there was no requisition for certification from the register prior to his appointment. While appellee's general average was subsequently reported to the commission, his standing on the register was not. The record is undisputed to this effect and appellee concedes as much in argument.

Appellee took the examination for appointment as intermediate clerk and his general average was sufficient to make him eligible for appointment. However, his rights, following such examination, were those stated by the New York Court of Appeals in Hurley v. Board of Education, 270 N. Y. 275, 279, 200 N. E. 818, 820, to wit:

"The plaintiff successfully passed the test required. She did not thereby gain a vested right to appointment to the position, but so long as the eligible list remained in force, no appointments could be made except from that list."

As above stated, as long as the register of eligible applicants existed, no appointments could be made except from that register. The method for appointment from the register under regulation No. 19 is substantially as stated by the supreme court of Washington in the case of Jenkins v. Gronen, 98 Wash. 128, 132, 167 P. 916, 918, L. R. A. 1918A, 839, wherein the court states:

"It will be observed that free, open, and competitive examinations are provided for; that the persons having the highest standings on the eligible list shall be first certified, and that they shall be certified in the order of their standings, the highest on the list first; * * * These provisions make it plain, we think, that the charter requires appointments to be made from the list of eligibles according to their relative standings, * * * The evident purpose of the framers of the charter were to make free and open the opportunity to enter the public service, and to secure from the persons applying those shown by tests to be best qualified for the service. These purposes are not accomplished if anything is left to the whim or caprice of the appointive power. There is no danger from this con-

struction of the charter of forcing upon the service negligent or incompetent employees. This is carefully guarded against in the charter itself. It is provided that appointive officers and employees shall first be subjected to a probationary term, and power is given to the commissioner in charge to remove an officer or employee, after his term becomes permanent, who is guilty of misconduct or fails to perform his duties.''

We are satisfied that, were we to sustain appellee's contention that the requirements in reference to certification of names in the order in which they appeared on the register was directory rather than mandatory, or that the commission, by a department ruling, could render the requirements directory rather than mandatory so that the commission could waive or ignore such requirements, we would in effect destroy the whole purpose of the regulation. We are unwilling to so hold.

The position for which appellee applied could be filled only in accordance with Rule VIII. As heretofore pointed out, under section 2 of said Rule VIII, preference was accorded employees who had been on the payroll 60 days preceding the adoption of the regulation and who attained a passing mark of 70 percent in open, competitive examinations. Appellee concedes that he has no right to priority under this section. The only other way for an appointment to be made was pursuant to section 1 of Rule VIII which would be by selection from the names certified in accordance with section 6 of Rule VII. Appellee concedes that he has never been certified in accordance with sections 5 and 6 of Rule VII. Accordingly, unless we are to disregard or violate the express language of the regulations and the clear import to be accorded such language, we must hold that the appointment of appellee in July 1938 was not in accordance with regulation No. 19.

All that the commission determined on May 24, 1939, was that appellee's appointment be rescinded because ''not being made in conformity with Regulation 19.'' The record is undisputed that the determination on that date, that the appointment was not made in conformity with regulation No. 19,

was in accord with the facts and the record. Since the appointment was not made in conformity with regulation No. 19, it was either void or voidable. It is not necessary for us to discuss or decide which category should be applied because, on May 24, 1939, the appointment was rescinded, in other words voided, by the commission. The trial court held that such rescission constituted an illegal discharge of appellee without cause. Insofar as Rule XII of regulation No. 19 is concerned, the termination of his employment was without the grounds for cause therein provided. There is no dispute on this proposition. The commission does not claim that it discharged him for cause or undertook to do so. All it claims is that it had a legal right to rescind his appointment on the grounds that the appointment was not in conformity with regulation No. 19. While we find no express provision for such authority in the commission stated in the regulations, it seems to us that such authority must be implied. Otherwise the commission would be without power to correct its own mistakes. We are unwilling to so tie the hands of the commission. The appointment in July 1938 was a mistake. The commission failed to conform to regulation No. 19, which regulation was controlling. In May 1939 the commission recognized its mistake and rescinded the action because of such mistake.. We hold that it had a legal right to do that. Accordingly, the trial court erred in determining that such action was illegal.

By reason of the foregoing, the judgment must be and it is reversed and the cause is remanded with instructions to annul the writ.—Reversed and remanded.

RICHARDS, C. J., and BLISS, SAGER, HALE, and STIGER, JJ., concur.

HAMILTON, J., takes no part.

MITCHELL, J., dissents.

MITCHELL, J. (dissenting)—I find myself unable to agree with the majority and respectfully dissent.

There is no claim that Couch was discharged for cause. In the letter of dismissal, the commission said:

"On behalf of the commission I wish to thank you for the conscientious manner in which you have performed your duties. I assure you that this action is not a reflection on your work and that any member of the commission or myself will be only too glad to furnish you with any letter of recommendation you may desire."

The distinguished trial court that heard this case, after listening to the witnesses, which included all members of the commission said, I quote from his findings:

"The court finds that Joseph Couch was a civil service employee at the time of his discharge. That the position was not abolished, that he is honest, efficient and competent and that he has substantially complied with all the provisions of the law and the requirements of the Commission. And that no charges have ever been preferred against him. And that he was wrongfully and illegally and arbitrarily discharged from the position which he held as a civil service employee."

The undisputed record shows that Couch had excellent educational qualifications, that he was employed in March of 1938, and took the first merit examination for his position in May of 1938, passing with a grade of 84.28 far above the minimum requirement of 70. On July 1, 1938, he was given a probationary appointment of 6 months under section 1, Rule IX. This section provides for a probationary period of 6 months, and provides that the probationary period shall be an intrinsic and integral part of the examination process. The supervisor of examinations was notified of his appointment. At the end of his probationary period, the secretary and director of personnel had filed a statement in writing that his services were satisfactory, and that it was desired that he be retained and the commission passed a motion employing him as a permanent employee. He continued as a permanent employee

800

from January 1, 1939, until June 30, 1939, when the commission "fired him", without cause.

When Couch was given a probationary appointment on July 1, 1938, there was no vacancy in the position he held as he had been occupying it since the preceding March. Sections 5 and 6, Rule VII are not mandatory provisions requiring the commission to obtain a certification from the supervisor of examinations for the name of one who was already employed and had passed the merit examinations. Under section 5, Rule VIII, regulation No. 19, Couch could only be employed "for a temporary period, not to exceed six months" and successive "temporary appointments" are prohibited. On January 1, 1939, he was permanently appointed.

The commission itself established a contemporaneous interpretation of sections 5 and 6, Rule VII and section 1, Rule VIII, that the same did not apply to those employees who had positions and had passed the merit examination creditably for the position they held; that under those circumstances, a vacancy did not exist. This contemporaneous interpretation by the commission made these sections inapplicable as to Couch. See Fox v. Standard Oil Co., 294 U. S. 87, 55 S. Ct. 333, 79 L. Ed. 780; and Fawcus Machine Co. v. United States, 282 U. S. 375, 51 S. Ct. 144, 75 L. Ed. 397.

I would affirm.