[No. 1399.    Decided June 11, 1894.]

## THE LA FRANCE FIRE ENGINE COMPANY, *Appellant*, v. THE TOWN OF MT. VERNON, *Respondent*.

FOREIGN CORPORATIONS — VALIDITY OF CONTRACTS — ACTION AGAINST MUNICIPAL CORPORATIONS — PLEADING.

Where a penalty is attached to the violation of a statute requiring foreign corporations doing business in this state to first file copies of their charters and the appointment of an agent, etc., and there is no provision in the statute imposing the penalty that the contracts of such corporations not complying with the law shall be void, a party contracting with such corporation is estopped from pleading its want of compliance with the statute.

A complaint against a municipal corporation to recover the balance of purchase price of a fire engine, the suit being based upon a note, states a cause of action when it alleges that there was a contract of purchase between plaintiff and defendant city, that the note was given as part purchase price of the engine; that it was issued under and by authority of the council of said defendant city; that plaintiff is now the owner and holder of said note; that certain payments have been made by the issuance of warrants upon the treasury of said city, and that there is now due and owing the sum of $1,460, which claim has been duly presented to the council of defendant city, and that defendant through its council has refused to pay the same.   (STILES, J., dissents.)

*Appeal from Superior Court, Skagit County.*

*Million & Houser*, for appellant.

*J. Henry Smith*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J. — This action was brought by appellant, a corporation of New York, against respondent, a municipal corporation of the fourth class, to recover of and from respondent a balance due on the purchase price of a fire engine sold and delivered to respondent in the year 1890, the suit being based on a note in words as follows:

$1,250.                                                    FEB. 20, 1891.
   Two years after date, we promise to pay to the order of La
France Fire Engine Co., twelve hundred and fifty dollars, with in-
terest thereon at 8 per cent. per annum from date until paid, at
First National Bank, Mt. Vernon, Wash.
                                 THE TOWN OF MT. VERNON,
                   Per H. CLOTHIER, Mayor of Mt. Vernon, Wash.
Attest: FRED. G. PICKERING,
   [SEAL.]              Clerk.

The defendant demurred to the complaint for the rea-
sons—*First*, That the complaint did not state facts suffi-
cient to constitute a cause of action; and, *second*, that the
plaintiff had no legal capacity to sue.   The demurrer was
sustained by the court upon the second ground, viz., that
the plaintiff had no legal capacity to sue, in that the com-
plaint did not show that the appellant had complied with
the laws of the state requiring foreign corporations to file
certain papers with the secretary of state, as provided for
in §§ 1524–31 of the General Statutes.

It is conceded that appellant has not complied with the
laws of this state requiring foreign corporations to file
copies of their charters, etc., but appellant contends that
respondent cannot question its right to sue in our courts
on contracts made with it in its corporate name after hav-
ing received the benefit of such contracts.

It is a general proposition, sustained by the weight of
authority, that where a statute imposes a penalty for fail-
ure to comply with statutory requirements, the penalty so
provided is exclusive of any other; at least, no other pen-
alty will be implied.   See Morawetz on Private Corpora-
tions, § 665, and cases cited.   Our statute does not provide
that the contracts made by foreign corporations which do
not comply with the provisions of the statute shall be void,
but fixes a special penalty·for such a violation, and in the
absence of a special declaration that such contracts shall be
void, especially where a penalty is attached for the violation,
the party contracting with such corporation will be es-

topped from pleading the want of compliance with the statute by the foreign corporation. This rule was announced by this court, after a pretty thorough investigation of the subject, in *Dearborn Foundry Co. v. Augustine*, 5 Wash. 67 (31 Pac. 327), and as we are satisfied with the rule announced in that case we will follow it in this.

It is claimed by the respondent that it was held by this court in *Huttig Bros. Manufacturing Co. v. Denny Hotel Co.*, 6 Wash. 122 (32 Pac. 1073), that a foreign corporation had no right to *begin suit* without first filing copies of its articles of incorporation, appointing an agent, etc. An investigation of that case shows that this court simply held that the filing of articles of incorporation by a foreign corporation and the appointment of an agent after the filing of a lien notice, and before suit to foreclose the same, was a sufficient compliance with the law relating to foreign corporations doing business within the state. This possibly might be construed as an implication in favor of respondent's theory, but certainly it did not go farther than that, and was not a necessary implication, as the circumstances of that case show.

It is also urged by respondent that no authority existed in respondent, or any of its officers in its behalf, to make such a note. The complaint shows that this was a simple contract between the city of Mt. Vernon, by its accredited agents, and the appellant, and that the note was given as part purchase price of the engine purchased; that it was issued under and by authority of the council of said city of Mt. Vernon; that the appellant is now the owner and holder of said note; that certain payments have been made by the issuance of warrants upon the treasury of said city, and that there is now due and owing the sum of $1,460, which said claim has been duly presented to the defendant's council, and that the defendant by and through its council repudiated said note and obligation, and refused to pay the same.

It seems to us that a plain contract is stated by this complaint; that if it had not been reduced to writing, or had not been in the shape of a note, which it is claimed the respondent had no authority to make, a good and enforceable contract is notwithstanding pleaded; that the claim was presented and refused, and that appellant's only remedy would be to sue the respondent and obtain a judgment. This judgment, of course, is only payable through the medium of a warrant drawn upon the treasury of the city; but, if the council refused to allow the claim when it was presented, we know of no other way by which the city could be compelled to issue the warrant than by obtaining a judgment in favor of appellant for the amount which was found to be due to it under the contract.

For the reason, then, that the court erred in sustaining the demurrer on the ground that the appellant had no legal capacity to sue, and for the further reason that the complaint stated facts sufficient to constitute a cause of action, the judgment will be reversed, and the cause remanded with instructions to overrule the demurrer to the complaint.

HOYT, SCOTT and ANDERS, JJ., concur.

STILES, J. (*dissenting*).— I do not think the opinion of the court passed upon the real point raised in the second ground of demurrer.

A municipal corporation has no implied power to issue promissory notes. Dillon, Mun. Corp., § 125.   Such corporations have the implied power to contract for such supplies as they need, but the statute in the case of towns prescribes a method of payment which is exclusive. Gen. Stat., §§ 685, 687.   There is only one way that a town treasurer can pay out corporation money, viz., on warrants signed by the mayor and countersigned by the clerk. No warrant can be issued until a claim has been presented to, and audited by, the council.   Gen. Stat., § 675.   A

warrant must specify the purpose for which it is drawn. *Id.* The note in suit did not show for what purpose it was drawn, and for that reason, and because it was not a warrant at all, the treasurer could not, under the law, pay it. It was signed by the mayor and clerk, but nothing appeared to show by what pretended authority it had been so signed. It was under no circumstances that appeared the note of the corporation.

It is conceded that the judgment, if one be obtained, must be satisfied by the issuance of a warrant and its payment in its order; but why should a municipal corporation be subjected to the danger of a contempt proceeding, when the original claim asserted has never been presented to the council for allowance, as the statute requires? The complaint alleged that the note had been presented, but did not allege that a claim for the balance due upon the sale of a fire engine had been. If this is a promissory note at all, the town was without defense, except those rare defenses which a maker can present against his negotiable paper; whereas all defenses would be open to it upon the original transaction.

The opinion has the effect to allow the pleader upon a promissory note to remain in court after it is shown that he really has no note, but only a money demand on contract, which is such a variance as the rules of pleading do not permit.

For these reasons I dissent.