[No. 22387. Department Two. October 15, 1930.]

JOHN LUND *(doing business as Viking Plumbing &*
*Heating Company), Respondent,* v. SIMON O.
BRUFLAT *et al., Appellants.*[1]

*Patterson & Patterson,* for appellants.

*Thomas P. Revelle* and *Cameron Sherwood,* for respondent.

HOLCOMB, J.—Respondent's amended complaint in this action alleges two separate causes of action, both founded upon *quantum meruit,* to separately foreclose a mechanic's and materialman's lien for labor and

[1] Reported in 292 Pac. 112.

material claimed to have been furnished in installing a plumbing and heating plant in a duplex building in Seattle belonging to appellants, and furnished under contract with them. A trial to the court without a jury resulted in a judgment denying the foreclosure of any lien, because of its untimely filing, but granting a money judgment against appellants in the sum of $535 with costs.

From the judgment so rendered, this appeal is brought, urging three grounds of error, only one of which we find necessary to consider.

An affirmative defense interposed by appellants pleads an ordinance of Seattle, in effect at all times involved in this action, requiring a person doing journeyman's plumbing work (which was what respondent contracted to do in this case) to have either a master plumber's license or what is called in the ordinance, a "certificate of competency" of a journeyman plumber (Ordinance No. 41079, §§ 249, 250, 251, 252 and 253). Respondent had no such certificate of competency nor license. His counsel contends that the provisions of the Seattle ordinance are unconstitutional under the decision of this court in *State ex rel. Richey v. Smith,* 42 Wash. 237, 84 Pac. 851, 114 Am. St. 114, 7 Ann. Cas. 577, 5 L. R. A. (N. S.) 674. Department one of this court has just decided in *Tacoma v. Fox,* 158 Wash. 325, 290 Pac. 1010, involving a Tacoma plumber's licensing ordinance, that the *Richey* case is discordant with reason and authority and overruled it, with which we concur.

That case no longer being the law in this jurisdiction, the Seattle ordinance, the provisions of which are quite similar to those of the Tacoma ordinance, must be held to be valid. Appellant, not being qualified under the ordinance, either as a master plumber

or to do journeyman plumbing work, was not authorized to make such contracts.

In *Sherwood v. Wise,* 132 Wash. 295, 232 Pac. 309, it was held that the acceptance of services by one unlawfully holding himself out as authorized to perform such services, even though valuable, does not render the contract therefor legal or the claimed compensation recoverable. This denies a contention of respondent in this case that, having rendered valuable services with the consent of appellants, he should recover, regardless of the ordinance.

However, the *Sherwood* case allowed a severable recovery for superintendence not within the illegal contract of one assuming to practice as an architect without a license therefor.

In this case, upon the first cause of action for materials, the trial court found, with ample support in the evidence, that respondent furnished materials of the reasonable value of $687.92, against which appellants were entitled to credits amounting to $335, leaving a balance due of $352.92. This sum represents materials entering into the building of which appellants received the benefit, and is clearly severable from the illegal contract for plumbing services. 13 C. J. 515, § 472.

For these reasons, judgment will be granted upon the first cause of action for the sum of $352.92.

The judgment for any sum for plumbing services will be reversed and the cause of action thereon dismissed.

Appellants, having recovered a more favorable judgment on appeal, will be allowed costs on appeal.

MITCHELL, C. J., FULLERTON, and MAIN, JJ., concur.