[No. 24409. Department Two. July 25, 1933.]

YAKIMA LODGE NO. 53, KNIGHTS OF PYTHIAS, *Respondent*, v. DINA M. SCHNEIDER, *Appellant*.[1]

*LaBerge, Cheney & Hutcheson,* for appellant.

*McAulay & Freece,* for respondent.

STEINERT, J.—This is an action to recover damages for breach of a contract to furnish adequate heat to certain premises leased to the plaintiff. The jury returned a verdict in plaintiff's favor. After denying defendant's several motions subsequent to the verdict,

[1] Reported in 24 P. (2d) 103.

the court entered its judgment, from which defendant appeals.

In 1922, appellant leased to the respondent the second floor of a building in the city of Yakima for a term of five years. When the lease expired in 1927, a new lease was entered into between the parties for an additional period of five years. Although the respondent intended to, and did, use the premises for lodge and kindred purposes only, the new lease, which is the only one appearing in the record, did not restrict the use to such purposes. The lease contained a provision requiring the lessor to furnish adequate heat for the building.

The evidence shows, almost without question, that, during the winter months of each year, the amount of heat supplied was wholly inadequate for the comfortable or reasonable use of the lodge-room by the various organizations which held their meetings therein as subtenants of the respondent. Appellant admits that there was sufficient evidence to take the case to the jury on that question, and the verdict establishes the jury's determination of that issue.

The appellant contends, however, that the evidence with reference to respondent's damages was so indefinite and uncertain as to furnish no basis for recovery. The measure of damages for breach of the lessor's covenant to heat leased premises is the difference between the value of the use of such premises as furnished by the lessee and heated as contemplated by the contract, and the value of their use as in fact heated by the lessor. *Purcell v. Warburton,* 70 Wash. 129, 126 Pac. 89; *Schermerhorn v. Sayles,* 123 Wash. 139, 212 Pac. 156. In the absence of the instructions as a part of the record, it must be assumed that the court properly instructed the jury upon the measure of damages.

Appellant argues that, since the inadequacy of heat

was referable only to the winter months of each year, the damages recoverable must, likewise, be limited to such periods. But this contention overlooks the fact that the testimony regarding the use of the premises and the value to be placed thereon, with and without adequate heat, was on the year-round basis. The lease was for a fixed term, with a constant rate of rent. Obviously, the landlord will effect a saving in the matter of heat during the summer months, while, on the other hand, the tenant gets more for his money during the winter. These facts were undoubtedly taken into consideration when the amount of rent was fixed at a uniform monthly rate throughout the term.

Upon the matter of damages, appellant makes some further contention that the evidence showed that certain portions of the leased premises were adequately heated at all times, and that the amount of recovery should, therefore, be reduced in a proportionate sum. The lease covered the entire second floor of the building. Respondent's evidence went to the depreciated value of the use of the premises as a whole. Appellant by her evidence sought to limit the amount to the extent just referred to. The jury, after hearing all of the testimony, returned its verdict, which, in its amount, is well within the evidence and conforms to the rule which we have hereinabove announced.

During the course of the trial, appellant amended her answer by including an allegation therein to the effect that the lease was invalid because it contravened the fire ordinance of the city of Yakima. It appears that, at the time of the execution of the lease and throughout the period of occupancy of the premises by the respondent, the lower floor of the building was used for garage purposes. The garage was owned and operated by a company controlled by appellant's

son, who was the agent and attorney-in-fact of appellant in all the negotiations affecting the lease. The ordinance contains a provision that no part of any building which is used as a public hall or place of public assembly shall be used as a public garage; and, conversely, that in case any building or part thereof is used as a public garage, no person shall be permitted to rent, lease, use or occupy any part of such building as a public hall or place of public assembly during the time that any part of the building is being used as a public garage.

Appellant now contends that respondent is precluded from recovery because of violation of the ordinance. The appellant knew the purpose for which the premises had been, and would probably continue to be, used by the respondent. Upon appellant rested the primary duty, as well as the ability, to comply with the ordinance, or to see that its requirements were observed. When respondent took the lease, it had the right to assume that appellant would do those things, on her part to be done, that would enable it lawfully to occupy and use the premises. The city having made no objection, the appellant can not now be heard to say that, through her own delict, the respondent is not entitled to assert and enjoy the rights which she herself granted to it, and for which she has been continuously compensated.

There is another reason why the appellant's contention in this respect can not be sustained. The ordinance did not provide that contracts made in violation thereof should be void. The statute was merely regulatory of the use of certain buildings, and made the violation of any of its terms a misdemeanor punishable by fine or imprisonment, or both. It is well settled that a contract which violates a statutory regulation of business is not void unless made so by the

statute. *Way v. Pacific Lumber & Timber Co.,* 74 Wash. 332, 133 Pac. 595, 49 L. R. A. (N. S.) 147; *Ferguson-Hendrix Co. v. Fidelity & Deposit Co.,* 79 Wash. 528, 140 Pac. 700; *Lane v. Henry,* 80 Wash. 172, 141 Pac. 365; *Kidder v. Hartford Accident & Indemnity Co.,* 126 Wash. 478, 218 Pac. 220; Sutherland, Statutory Construction, (2d Ed.) Vol. II, § 336.

It is also well settled that, where a statute imposes a penalty for failure to comply with statutory requirements, the penalty so fixed is exclusive of any other. *La France Fire-Engine Co. v. Town of Mt. Vernon,* 9 Wash. 142, 37 Pac. 287, 38 Pac. 80, 43 Am. St. 827; *Horrell v. California, etc. Ass'n,* 40 Wash. 531, 82 Pac. 889.

Manifestly, in this case, the lease was not void upon its face, because the use to which respondent might put the premises was unrestricted. It was only a particular use, which might be temporary in its duration, that was penalized.

Appellant cites and relies upon certain of our former decisions in support of her contention, but in each of those cases the particular contract was of itself void because inhibited by statute or else contrary to public policy. Those cases are not applicable here.

The judgment is affirmed.

BEALS, C. J., MAIN, TOLMAN, and BLAKE, JJ., concur.