[No. 27318. Department One. August 11, 1939.]

J. L. OGILVY, *Appellant,* v. OLIVER M. PECK *et al., Respondents.*[1]

*John Salisbury,* for appellant.

*Robert R. Pence,* for respondents.

[1]Reported in 93 P. (2d) 289.

ROBINSON, J.—In this case, the plaintiff alleged that defendants tore out the plumbing fixtures in his building without his knowledge or consent, and sought to recover the rental value of the building during a period of three months, in the sum of one hundred and fifty dollars. The defendants filed a cross-complaint, alleging that plaintiff and defendants entered into an agreement whereby defendants were to remove the old plumbing fixtures and install new fixtures in the building, which was being remodeled by plaintiff, and that, after the fixtures were removed and before the new fixtures were installed, plaintiff changed his mind and directed defendants to reinstall the old fixtures, and that defendants did so, and that the value of the labor and materials was $122.60. Defendants sought to recover this amount and foreclose a lien for labor and materials filed by them. Thereupon, plaintiff filed a supplemental complaint, alleging that an ordinance of the city of Spokane required defendants to obtain a permit to reinstall the fixtures, and that defendants reinstalled the fixtures without obtaining such permit. The trial court found that the parties entered into the agreement claimed by defendants; that the value of the work and materials was $122.60, and entered judgment for this amount and a decree foreclosing the lien. Plaintiff appeals.

The evidence amply supports the findings of the court that the parties entered into the agreement claimed by respondents, and no contention is here made to the contrary.

Appellant contends that the court committed error in refusing to require respondents to elect upon which of their defenses and causes of action they would proceed. There is no merit in this contention. The answer set forth but one affirmative defense, and one

cross-action. The defense was that the fixtures were removed and reinstalled under agreement with the appellant, and the cause of action was for the recovery of the value of the labor and materials and to foreclose the lien.

Appellant contends that the court committed error in admitting in evidence the notice of claim of lien. The basis of this contention is that the claim did not set forth the various items of labor and materials furnished. The notice of claim, however, appears to comply in all respects with the requirements of the present statute, and was, therefore, sufficient.

Appellant's next contention is that there can be no recovery on the cross-action because respondents did not obtain a permit from the city for the reinstallation of the fixtures. A copy of the ordinance was not introduced in evidence, but we will assume that it required respondents to obtain a permit before proceeding with the work. It does not necessarily follow that respondents cannot recover the value of the labor and materials furnished because they did not obtain a permit to do the work. The respondent company held a master plumber's license authorizing it to engage in the plumbing business. The contract to do the work was not necessarily illegal because performed in an illegal manner. *Armour & Co. v. Jesmer,* 76 Wash. 475, 136 Pac. 689; *Fox v. Rogers,* 171 Mass. 546, 50 N. E. 1041; *Keith Furnace Co. v. Mac Vicar,* 280 N. W. (Iowa) 496; *Spurgeon v. Imperial Elevator Co.,* 99 Mont. 432, 43 P. (2d) 891. See, also, *Yakima Lodge No. 53, K. of P. v. Schneider,* 173 Wash. 639, 24 P. (2d) 103.

In *Keith Furnace Co. v. Mac Vicar,* 280 N. W. (Iowa) 496, it was held that failure to obtain a permit for the installation of an oil burning system, as required by ordinance, did not preclude the seller from recovering its price. Our own case of *Armour & Co. v. Jesmer,*

*supra,* is cited in the *Mac Vicar* case, and also in *Spurgeon v. Imperial Elevator Co.*

In *Lund v. Bruflat,* 159 Wash. 89, 292 Pac. 112, we held that a plumber, not licensed as required by ordinance, could not recover compensation for services rendered; but that is not the question involved in this case.

The cases cited by appellant, *Oilure Mfg. Co. v. Pidduck-Ross Co.,* 38 Wash. 137, 80 Pac. 276, *Lewer v. Cornelius,* 72 Wash. 124, 129 Pac. 911, and *Wright v. Corbin,* 190 Wash. 260, 67 P. (2d) 868, are clearly not in point. In each of them, the illegality entered either into the consideration or the promise. That is not the case here.

The judgment appealed from is affirmed.

BLAKE, C. J., STEINERT, JEFFERS, and MAIN, JJ., concur.