[No. 28316. *En Banc.* April 28, 1941.]

THE STATE OF WASHINGTON, *on the Relation of W. P. Breslin, Plaintiff,* v. HUGH C. TODD, *as Judge of the Superior Court for King County, et al., Respondents.*[1]

*W. C. Hinman,* for relator.

*B. Gray Warner* and *F. M. Reischling,* for respondents.

BLAKE, J.—This case comes up on certiorari to review a judgment of dismissal after granting a motion to quash an application for a writ of mandamus. A

[1]Reported in 113 P. (2d) 315.

show cause order had been issued on petition of the relator showing *that he is a veteran of the World War;* that respondents Taylor, Smith, and Fluent are county commissioners of King county; that, for about five years prior to September 20, 1940, he had been regularly employed by respondents, as such commissioners, as a grader operator at the Bow Lake gravel pit, commissioner's district No. 2; that others who were not veterans of any war were also there employed in the same capacity; that, on September 20, 1940, he was discharged and some of such others who were not veterans of any war were continued in employment on the same work; that he had made demand upon the respondent commissioners for reinstatement, which demand had been refused. He prayed for reinstatement and pay from the time he had been discharged.

Relator's application is grounded upon chapter 84, Laws of 1895, p. 166 (Rem. & Bal. Code, §§ 8925, 8926), as amended by chapter 26, Laws of 1919, p. 54 (Rem. Rev. Stat., §§ 10753, 10754 [P. C. §§ 6254, 6255]), which provides:

§ 10753. "In every public department, and upon all public works of the state of Washington, and of any county thereof, honorably discharged union soldiers and sailors, and their widows, and honorably discharged soldiers and sailors, and their widows, of the Spanish-American war and the Philippine insurrection, and of the war with Germany and her allies, and their widows, shall be preferred for appointment and employment; age, loss of limb, or other physical impairment, which does not in fact incapacitate, shall not be deemed to disqualify them, provided they possess the business capacity necessary to discharge the duties of the position involved."

§ 10754. "And all officials and other persons having power to appoint to or employment in the public service set forth in the last preceding section, are charged with a faithful compliance with its terms, both in

letter and in spirit, *and a failure therein shall be a misdemeanor, and on conviction shall be punished by a fine of not less than five dollars nor more than twenty-five dollars."* (Italics ours.)

Treating the motion to quash as a demurrer, the court granted it on the ground that the petition for the writ did not state facts sufficient to constitute a cause of action.

The relator takes the position that the first section of the act as amended (Rem. Rev. Stat., § 10753) is mandatory, and that being so, he is entitled to preference as a grader operator over any nonveteran as long as there is any work for any one in that capacity. In taking that position, however, relator fails to take into account § 2 of the act (Rem. Rev. Stat., § 10754). The first section creates a right unknown to common law; the second section prescribes a penalty for its denial.

It is a general rule that, when a statute gives a new right and prescribes a particular remedy for its enforcement, such remedy is exclusive; though it is otherwise when a statute gives a right without prescribing the remedy. 3 Cooley on Torts (4th ed.), 351, § 475 (3); *Fire Engine Co. v. Mt. Vernon,* 9 Wash. 142, 37 Pac. 287, 38 Pac. 80, 43 Am. St. 827; *Horrell v. California, etc. Ass'n,* 40 Wash. 531, 82 Pac. 889; *Yakima Lodge No. 53, K. of P. v. Schneider,* 173 Wash. 639, 24 P. (2d) 103; *Globe Newspaper Co. v. Walker,* 210 U. S. 356, 52 L. Ed. 1096, 28 S. Ct. 726; *Wiley v. Yale,* 1 Met. (Mass.) 553; *Almy v. Harris,* 5 Johns. (N. Y.) 175; *Hartford v. Talcott,* 48 Conn. 525, 40 Am. Rep. 189; *Woolcott v. Shubert,* 169 App. Div. 194, 154 N. Y. Supp. 643; *Flynn v. Canton Co. of Baltimore,* 40 Md. 312, 17 Am. Rep. 603; *Brattleboro v. Wait,* 44 Vt. 459; *Reed v. Omnibus R. Co.,* 33 Cal. 212; *Grant v. Slater Mill & Power Co.,* 14 R. I. 380; *Heeney v. Sprague,* 11 R. I.

456, 23 Am. Rep. 502; *Nash v. Inhabitants of Sorrento,* 118 Me. 224, 107 Atl. 32; *Jefferson County Farm Bureau v. Sherman,* 208 Iowa 614, 226 N. W. 182; *Johnson v. Brigham Co.,* 126 Me. 108, 136 Atl. 456; *Employers Liability Assurance Corp. v. Young County Lumber Co.,* 122 Tex. 647, 64 S. W. (2d) 339.

Judge Cooley, at page 352, § 475 (3), says: "So if performance of the duty is enjoined under penalty, the recovery of this penalty is in general the sole remedy, even when it is not made payable to the party injured." However, as indicated in some of the foregoing decisions and by Judge Cooley, the rule is not *necessarily* applicable when the statute creates a new right on the one hand and a duty on the other and fixes merely a penalty for violation of the duty. 3 Cooley on Torts (4th ed.), 352, 353, § 475 (3). *David v. Britannic Merthyr Coal Co.* (1909), 2 K. B. 146; *Willy v. Mulledy,* 78 N. Y. 310, 34 Am. Rep. 536.

In some instances, as in case of a statute which provides no remedy or one which is declaratory of a common-law right, the law will supply a remedy. But to warrant the court in supplying a remedy other than the enforcement of the penalty, it must be clear that such was the legislative intent. 3 Cooley on Torts (4th ed.), 353.

Now, construing our statute in the light of the rule and its exception and in the light of decisions of courts of other states in which soldier preference statutes have been under consideration, we think that there can be no doubt that the legislature intended the penal provision of the second section to be an exclusive remedy. Granting that the preference given by the first section is mandatory, it is apparent that its denial was not intended to establish a liability against the municipality, for the second section imposes the duty upon *"all officials . . . having power to appoint*

. . ." and charges them with "*a faithful compliance* . . . *both in letter and in spirit* . . ." (Italics ours.) They personally, not the municipality, are subject to the penalty.

We are of the view that mandamus does not lie to enforce the preference given by Rem. Rev. Stat., § 10753. To this view, the following decisions construing soldier preference statutes lend some support: *People ex rel. Hansen v. Collins,* 351 Ill. 551, 184 N. E. 641; *Owen v. Detroit,* 259 Mich. 176, 242 N. W. 878; *Rounds v. Des Moines,* 213 Iowa 52, 238 N. W. 428.

The following decisions are of particular interest because the statutes there under consideration specifically accorded the soldier a right of hearing before discharge and a further remedy by certiorari or mandamus: *State ex rel. Castel v. Chisholm,* 173 Minn 485, 217 N. W. 681; *Douglas v. Des Moines,* 206 Iowa 144, 220 N. W. 72. The statutes there considered not only created the preference, but also provided a remedy personal to the soldier, which, upon its denial, he could invoke. Ours creates the preference, but provides for a penalty only. We think it clear that the legislature intended this to be the only remedy the soldier could invoke even though it is not payable to him.

Judgment affirmed.

ROBINSON, C. J., MAIN, and MILLARD, JJ., concur.

JEFFERS, J., concurs in the result.

STEINERT, J. (dissenting)—This cause is before us wholly upon the petition of the relator suing on behalf of himself, two other named individuals, and all others similarly situated. The petition makes the following allegations, which, for the purpose of this case, must be taken as true: Relator is a veteran of the World War. For about five years prior to September

20, 1940, he was regularly employed by respondent county commissioners as a grader operator, at the Bow Lake gravel pit in King county, and was then receiving a salary of one hundred and sixty-five dollars per month. During all of that time he was fully qualified to, and did, perform the duties assigned to him as such operator. At the same time and place, other individuals who were not veterans were employed to perform, and did perform, the same kind of duties as those performed by relator.

On September 20, 1940, the commissioners, without notice and without cause, discharged relator, but retained in their employment other persons who were not veterans and who continued to perform the same duties that relator had been performing. The ground assigned by the commissioners for discharging him was lack of funds, although they still retained nonveterans for employment in the same capacity. Relator demanded to be reinstated and reemployed by reason of the preference in employment afforded by Rem. Rev. Stat., § 10753, quoted in the majority opinion. The demand was refused. Similar allegations were made in the petition as to the two other named individuals, except that they were alleged to have been employed as truck drivers.

Relator's contention here is that the statute above mentioned is mandatory, and guarantees him a preference over nonveterans so long as there is no difference in qualifications and there is still work for anyone in that capacity. Respondents' contention is that the statute merely gives the veteran the *first right of position*, but does not guarantee him retention in employment, even though nonveterans be retained in the same line of work after the veteran is discharged. Respondents' theory with reference to the matter is

aptly expressed in the following paragraph in their brief:

"No county employee has civil service status at this time. It has always been the practice of each newly elected officer to make changes in the personnel of his department, in accordance with his political faith. This practice has been a characteristic of our system of government and a philosophy which was expressed by Andrew Jackson in the words 'To the victor belong the spoils.' To adopt the holding suggested by the relator—that an employee who is a veteran is entitled to his job as long as there is a job in his department which he is capable of filling—would be to prevent the turn-over of employees, which in greater or lesser degree generally follows an election in which a new administration comes into power."

The majority opinion does not adopt respondents' thesis, but is written upon a theory that was not advanced or suggested by either counsel, by brief or at the oral argument. The opinion takes the position that, even if Rem. Rev. Stat., § 10753, be mandatory, the only remedy for the violation of the preference right is the imposition of the penalty prescribed by Rem. Rev. Stat., § 10754. I cannot agree with that conclusion. If the statute be held to be mandatory, it seems to me to be unreasonable and unjust to hold that, even though the law enjoins a preference in favor of the veteran, the only remedy that he may have is by way of a possible fine of from five to twenty-five dollars to be imposed on the offending official and, when collected, to be paid into the registry of the court. Even if the fine be imposed, and be paid, that does not secure to the veteran the employment to which he is entitled. The statute is satisfied only with performance, not by a fine for nonperformance.

The majority opinion is rested upon the general principle that, when a statute gives a new right and pre-

scribes a particular remedy for its enforcement, such remedy is exclusive. But, by the same token, the remedy must be one which, if invoked, will secure the right accorded by the statute, and not one which, though invoked, will still leave the right unsatisfied.

As authority for its specific holding, the majority opinion quotes from 3 Cooley on Torts (4th ed.), 352, § 475 (3), as follows:

"So if performance of the duty is enjoined under penalty, the recovery of this penalty is in general the sole remedy, even when it is not made payable to the party injured."

That sentence, however, is immediately followed by a statement which, it seems to me, fits the present situation exactly. Judge Cooley continues by saying:

"But the rule is not without its exceptions; for if a plain duty is imposed for the benefit of individuals, and the penalty is obviously inadequate to compel performance, the implication will be strong, if not conclusive, that the penalty was meant to be cumulative to such remedy as the common law gives when a duty owing to an individual is neglected. And if the duty imposed is obviously meant to be a duty to the public, and also to individuals, and the penalty is made payable to the state or to an informer, the right of an individual injured to maintain an action on the case for a breach of the duty owing to him will be unquestionable."

A reading of the many cases cited in the majority opinion in support of its conclusion will, I think, reveal that they cover factual situations entirely different from the one before us, and are not at all inconsistent with the statement last made by Judge Cooley.

Until and unless the majority can find a safer and more logical ground than it has for denying the relief sought in this instance, I am constrained to dissent.

SIMPSON, J., concurs with STEINERT, J.

490

BEALS, J. (dissenting)—Relator here instituted a proceeding before the superior court for King county, by way of a petition for a writ of mandamus, directed to the county commissioners, requiring them to forthwith reinstate relator as an employee of King county. Responding to an order to show cause why the writ should not issue, the respondents appeared and moved to quash relator's application, for the reason that the petition filed in support thereof failed to state facts sufficient to authorize the granting of the relief prayed for, or any relief. An order was entered sustaining the motion to quash, and, January 9, 1941, a judgment was entered dismissing the action.

January 11, 1941, relator filed in this court his application for a writ of certiorari, to review the order sustaining the motion to quash and the judgment of dismissal. An order to show cause was issued, requiring respondent judge and the other respondents to appear herein and show cause why the writ of certiorari should not issue. In due time the matter was regularly argued and submitted to this court for decision.

Statutory writs of mandamus are provided for by Rem. Rev. Stat., § 1013 [P. C. § 8186] *et seq.* This court has repeatedly held that an application for a writ of mandamus is a civil action at law. *State ex rel. Nesbitt v. Baughman,* 185 Wash. 514, 56 P. (2d) 155, and cases therein cited.

Rem. Rev. Stat., §§ 1032 and 1033 [P. C. §§ 8391, 8392], read as follows:

"§ 1032. Except as otherwise provided in this chapter, the provisions of the Code of Procedure concerning civil actions are applicable to and constitute the rules of practice in the proceedings in this chapter."

"§ 1033. From a final judgment in the superior court, in any such proceeding an appeal shall lie to the supreme court."

In the following cases, this court entertained appeals from judgments granting writs of mandamus: *State ex rel. Race v. Cranney,* 30 Wash. 594, 71 Pac. 50; *State ex rel. Billings v. Lamprey,* 57 Wash. 84, 106 Pac. 501. In the following cases, this court entertained appeals from judgments denying writs of mandamus: *State ex rel. Brown v. McQuade,* 36 Wash. 579, 79 Pac. 207; *State ex rel. Hunt v. Okanogan County,* 153 Wash. 399, 280 Pac. 31, 67 A. L. R. 668. In the case of *Jones v. Paul,* 56 Wash. 355, 105 Pac. 625, this court denied an application for a writ of certiorari, holding that an adequate remedy by appeal was available. The case of *State ex rel. Northern Pac. R. Co. v. Superior Court,* 80 Wash. 190, 141 Pac. 365, is to the same effect.

A judgment entered in a mandamus proceeding, whether granting or denying the writ, may be brought before this court for review by appeal, and that procedure should be followed unless too slow, or otherwise inadequate by reason of some emergency. In the case at bar, no showing was made that remedy by appeal was not plain, speedy, and adequate.

The writ should be denied.

In any event, the judgment of the trial court was correct. Rem. Rev. Stat., § 10753, relied upon by relator, quoted in the majority opinion, by its express terms applies to honorably discharged soldiers and sailors. The petition filed before the superior court by relator alleges simply that he is a veteran of the World War. Clearly, that allegation was insufficient to afford relator any standing in court. To claim any benefit under the statute, the claimant must not only be a veteran, but must have received an honorable discharge from some branch of the armed forces of the United States. If the claimant be a widow, it must appear that her deceased husband had been granted such an honorable discharge.

For the reasons stated, I am not in accord with the opinion of the majority.

DRIVER, J., concurs with BEALS, J.