[No. 3428-3-III.   Division Three.   July 10, 1980.]

THURMAN M. STEGALL, ET AL, *Respondents,* v. GLADE B. KYNASTON, ET AL, *Appellants.*

*Thomas B. Gess,* for appellants.

*Joseph Schneider* and *Sensney, Davis, McCormick & Schneider,* for respondents.

GREEN, C.J.—Thurman Stegall and his wife, holders of a promissory note, obtained a judgment against the makers, Glade B. Kynaston and his wife. The Kynastons appeal.

The dispositive question on appeal is whether the resale of a mobile home in violation of RCW 43.22.340[1] is illegal, rendering the note unenforceable.

In 1973, the Stegalls purchased a mobile home to be placed upon a residential lot. The mobile home was moved to the lot and attached to a permanent building.

In 1976, they sold their residence to the Kynastons. As part of the purchase price, the Stegalls received a note for $5,500 from the Kynastons. Prior to taking possession, the Kynastons discovered that the plumbing in the building addition had never been hooked up to city sewage. Mr. Stegall orally agreed to pay the cost of connecting to the main sewer. The plumber who was hired to do this work discovered that the existing plumbing was faulty and would have to be replaced. Because this additional cost was

---

[1] RCW 43.22.340 reads:

"The director of labor and industries shall prescribe and enforce rules and regulations governing safety of body and frame design, and the installation of plumbing, heating, and electrical equipment in mobile homes, commercial coaches and/or recreational vehicles: *Provided,* That the director shall not prescribe or enforce rules and regulations governing the body and frame design of recreational vehicles until after the American National Standards Institute shall have published standards and specifications upon this subject. Such rules and regulations shall be reasonably consistent with recognized and accepted principles of safety for body and frame design and plumbing, heating, and electrical installations, in order to protect the health and safety of the people of this state from dangers inherent in the use of substandard and unsafe body and frame design, construction, plumbing, heating, electrical, and other equipment and shall correlate with and, so far as practicable, conform to the then current standards and specifications of the American National Standards Institute standards A119.1 for mobile homes and commercial coaches and A119.2 for recreational vehicles. It shall be unlawful for any person to lease, sell or offer for sale, within this state, any mobile homes, commercial coaches and/or recreational vehicles manufactured after January 1, 1968, containing plumbing, heating, electrical, or other equipment, and after July 1, 1970 body and frame design or construction unless such equipment meets the requirements of the rules and regulations provided for herein."

greater than anticipated, Mr. Stegall refused to reimburse the Kynastons. It was later learned that the electricity running to the addition tapped into the mobile home pedestal, and that the electrical wiring from the pedestal to the addition was improperly installed. The Kynastons initially paid $3,000 on the note, but refused to pay the balance, claiming an offset for the cost of correcting the alleged plumbing and wiring defects. As a result, the Stegalls brought this action to collect the balance they claim is owed by the Kynastons on the note.

The Kynastons assert that the Stegalls are not holders in due course; and therefore, the promissory note is subject to the defenses of the makers. RCW 62A.3–306.[2] They reason that if the underlying contract is illegal, the promissory note is void. Accordingly, the court must leave the parties where it finds them; that is, the Kynastons are entitled to keep their property while the Stegalls must be satisfied with what they had previously received. We disagree.

Kynastons' argument presumes that the underlying contract is void because the electrical and plumbing modifications had not been approved by a representative of the Department of Labor and Industries as required by Washington's mobile home act. RCW 43.22.340–.433. Assuming arguendo the Kynastons are correct, the contract is not necessarily void. It is the rule that a contract which violates a business statute or regulation is not void unless so made by the express terms of the act. *Allison v. Medicab*

---

[2]RCW 62A.3–306 reads:

"Unless he has the rights of a holder in due course any person takes the instrument subject to

"(a) all valid claims to it on the part of any person; and

"(b) all defenses of any party which would be available in an action on a simple contract; and

"(c) the defenses of want or failure of consideration, non–performance of any condition precedent, non–delivery, or delivery for a special purpose . . . and

"(d) the defense that he or a person through whom he holds the instrument acquired it by theft, or that payment or satisfaction to such holder would be inconsistent with the terms of a restrictive indorsement. The claim of any third person to the instrument is not otherwise available as a defense to any party liable thereon unless the third person himself defends the action for such party."

*Int'l, Inc.,* 92 Wn.2d 199, 597 P.2d 380 (1979); *Hennessey v. Vanderhoef,* 1 Wn. App. 257, 461 P.2d 581 (1969); *Fleetham v. Schneekloth,* 52 Wn.2d 176, 324 P.2d 429 (1958); *Yakima Lodge 53 v. Schneider,* 173 Wash. 639, 24 P.2d 103 (1933). RCW 43.22.431 requires the director of the Department of Labor and Industries to "enforce mobile home safety and construction standards adopted by the secretary of housing and urban development under the National Mobile Home Construction and Safety Standards Act of 1974 (800 Stat. 700; 42 U.S.C. Secs. 5401–5426)." The purpose of the National Mobile Home Act is "to establish Federal construction and safety standards for mobile homes and to authorize mobile home safety research and development." 42 U.S.C. § 5401. Accordingly, the National Mobile Home Act and the complementary state enforcement procedures set forth in RCW 43.22.340–.433 are, in effect, business statutes intended to regulate the manufacture of mobile homes. Since neither the federal nor state mobile home acts contains a provision rendering sales contracts in violation of the act void, the promissory note is enforceable.

Further, we find *Yakima Lodge 53 v. Schneider, supra,* controlling. There the parties entered into a lease made in violation of a city ordinance. The ordinance provided that no part of a building used as a public hall or place of assembly shall also be used as a public garage. Specifically, the ordinance made it unlawful "to rent, lease, use or occupy any part of such building as a public hall or place of public assembly during the time that any part of the building is being used as a public garage." *Yakima Lodge 53 v. Schneider, supra* at 642. The lower part of the building was used for garage purposes pursuant to the lease but in violation of the ordinance. Both the facts of the case and the language of the ordinance parallel the facts and statute in question in the present case. The *Schneider* court held that the lease, although violative of the ordinance, was enforceable.

■ Additionally, Washington has adopted the rule that "where a statute imposes a penalty for failure to comply

with statutory requirements, the penalty so provided is exclusive of any other; at least, no other penalty will be implied." *La France Fire Engine Co. v. Mt. Vernon,* 9 Wash. 142, 143, 37 P. 287, 38 P. 80 (1894); *State ex rel. Breslin v. Todd,* 8 Wn.2d 482, 113 P.2d 315 (1941); *State ex rel. Phillips v. State Liquor Control Bd.,* 59 Wn.2d 565, 369 P.2d 844 (1962). RCW 43.22.433, which sets forth the only statutory penalty, provides that any person who violates the provisions of the act is guilty of a gross misdemeanor. Therefore, even if the sale were illegal, the note is still enforceable.

Accordingly, we affirm.[3]

MUNSON and ROE, JJ., concur.

---

[3]Because this appeal has been resolved on other grounds, it is unnecessary to decide the question of whether the national and state mobile home acts apply to the sale of used mobile homes. However, for the benefit of the parties, the court notes that the national mobile home act exempts "any mobile home after the first purchase in good faith for the purposes of resale." 42 U.S.C. § 5409(b)(1).