WESTERN COMMUNITY BANK, *Plaintiff*, v. BETTY J.
HELMER, *Respondent*, B. T. ARSENAULT,
ET AL, *Appellants*.

*Stanley E. Perdue,* for appellants.

*Mary E. Owen, Southwell, O'Rourke, Jalbert & Kappel-*
*man, Constance D. Gould,* and *Evans, Craven & Lackie,*
*P.S.,* for respondent.

McINTURFF, C.J.—B. T. Arsenault appeals the award of
attorney fees to Betty J. Helmer. No assignments of error
were made by appellants to the trial court's findings of fact,

which establish the following:

Ms. Helmer and Mr. Arsenault were involved in a meretricious relationship. Beginning in 1979 they constructed a home on Lake Sacheen and lived in it together; but their relationship deteriorated and Mr. Arsenault left the residence on Thanksgiving Day 1982. He then married Ann Meyers Arsenault on December 29. During this time Mr. Arsenault asked Ms. Helmer to move out of the Lake Sacheen residence; in exchange he promised to purchase or build a house for her and provide her with monthly income. She accepted his promises and left the home in April 1983.

Mr. Arsenault guaranteed a loan (in the amount of $75,000) from Western Community Bank to build a home for Ms. Helmer. The bank granted the loan to Ms. Helmer only because Mr. Arsenault would make monthly payments to Ms. Helmer, who would then pay the bank. In fact, the mortgage was negotiated by Mr. Arsenault.

But, Mr. Arsenault stopped paying Ms. Helmer and default on the mortgage payments due the bank occurred (as late as October 1984). Then the bank brought this action to foreclose on the mortgage from Ms. Helmer, obligor, and recover on the guaranty signed by Mr. Arsenault. She cross–claimed against him and brought a third party claim against the community comprised of Mr. Arsenault and Ann Meyers Arsenault.

Mr. Arsenault confessed judgment to the bank for the sum it was demanding ($92,900.27). The bank's action against Ms. Helmer was dismissed without prejudice. A trial was held on her cross claim on the issues of liability and damages against Mr. Arsenault and Ann Meyers Arsenault. The court found a valid contract existed by which all the vested property interests acquired during the meretricious relationship between B. T. Arsenault and Betty Helmer were settled. Judgment was entered in favor of Ms. Helmer for the dollar value of the house ($92,900.27) and attorney fees of $17,000, plus costs of $1,478.82.

The only issue is whether it was error for the trial court to award attorney fees and costs under RCW 26.09.140, or

upon equitable grounds, in a property division between parties involved in a meretricious relationship.

■ Attorney fees are granted as part of the cost of litigation only if there exists a contract, statute or recognized ground in equity. *Seattle Sch. Dist. 1 v. State,* 90 Wn.2d 476, 540, 585 P.2d 71 (1978); *Crane Towing, Inc. v. Gorton,* 89 Wn.2d 161, 176, 570 P.2d 428, 97 A.L.R.3d 482 (1977). A correct judgment will not be reversed on appeal where it can be sustained on any theory, even on a theory not relied on by the trial court. *Haberman v. Elledge,* 42 Wn. App. 744, 748, 713 P.2d 746 (1986).

## A
### CONTRACT THEORY

Here, the award of property in a meretricious relationship was based on the trial court's finding that an oral contract existed between Mr. Arsenault and Ms. Helmer. But there is no finding of fact that a provision for attorney fees was a term in the oral contract. Hence, we hold there is no contractual basis for an award of attorney fees.

## B
### STATUTORY PROVISION FOR ATTORNEY FEES

The trial court concluded that pursuant to *Warden v. Warden,* 36 Wn. App. 693, 676 P.2d 1037 (1984), RCW 26.09.080 applied and attorney fees and costs in the action were appropriate to a disposition of property acquired by a man and woman who have lived together and established a relationship tantamount to a legal family except for a legal marriage. Finding of fact 37 supports this conclusion:

> The Court finds that there is a need on the part of Betty J. Helmer and the ability to pay on the part of B. T. Arsenault to award attorney's fees pursuant to R.C.W. 26.09.140.

RCW 26.09.080 provides:

> Disposition of property and liabilities—Factors. In a proceeding for *dissolution of the marriage, legal separation, declaration of invalidity, or in a proceeding for disposition of property following dissolution of the mar-*

*riage* by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the *court shall,* without regard to marital misconduct, *make such disposition of the property and the liabilities of the parties, either community or separate, as shall appear just and equitable after considering all relevant factors including, but not limited to:*
    (1) The nature and extent of the community property;
    (2) The nature and extent of the separate property;
    (3) The duration of the marriage; and
    (4) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to a spouse having custody of any children.

(Italics ours.)

RCW 26.09.140 provides:

Payment of costs, attorney's fees, etc. The court from time to time after considering the financial resources of both parties *may order* a party to pay a *reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for reasonable attorney's fees* or other professional fees *in connection therewith,* including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or enforcement or modification proceedings after entry of judgment.

Upon any *appeal,* the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorney's fees in addition to statutory costs.

The court may order that the attorney's fees be paid directly to the attorney who may enforce the order in his name.

(Italics ours.)

*Warden v. Warden, supra* at 698, held RCW 26.09.080 applied to govern the disposition of property acquired by a man and woman who have lived together and established a relationship tantamount to a marital family except for a legal marriage. The parties in *Warden,* at 694, had lived together from 1963 to 1972 except for a short period, had two children, purchased a house with title in both names as

husband and wife, and filed joint income tax returns. The court, at page 695, recognized that Washington courts up to that time had failed to follow a clear approach to division of property acquired by couples who live together but do not marry. The approach before *Warden* was to apply the *Creasman* presumption (*Creasman v. Boyle,* 31 Wn.2d 345, 196 P.2d 835 (1948), *overruled in In re Marriage of Lindsey,* 101 Wn.2d 299, 678 P.2d 328 (1984)). Under *Creasman,* property acquired by unmarried persons was presumed to belong to the one who had title to the property. *Warden,* at 695. Various exceptions were applied by courts which avoided the harshness of the rule. *Warden,* at 695–96.

*In re Marriage of Lindsey, supra* at 304, overruled the *Creasman* presumption and adopted the rule that courts must "examine the [meretricious] relationship . . . and make a just and equitable disposition of the property." In support for this holding, *Lindsey* cited *Latham v. Hennessey,* 87 Wn.2d 550, 554, 554 P.2d 1057 (1976) and *cf.* RCW 26.09.080. "Cf." is a signal which literally means "compare"; "cf." means the "Cited authority supports a proposition different from the main proposition but sufficiently analogous to lend support." Harvard Law Review Ass'n, *A Uniform System of Citation* 9 (14th ed. 1986). *Latham,* at 554 does not refer to a statute as a source for the rule it discusses and *Lindsey* adopts.

Neither *Warden* nor *Lindsey* addressed whether RCW 26.09.140 regarding payment of costs and attorney fees is applicable to meretricious relationships. *Warden*'s holding that RCW 26.09.080 applies to meretricious relationships does not automatically make other provisions of RCW 26.09 applicable. However, RCW 26.09.140 says the court "may order" reasonable attorney fees and costs of "maintaining or defending any proceeding under this chapter". Thus, Ms. Helmer argues that after *Warden,* a property disposition between parties in a meretricious relationship is under RCW 26.09 and covered by RCW 26.09.140.

But Mr. Arsenault argues *Lindsey* followed *Warden* and emphasizes that the court in *Lindsey* did not discuss the

decision in *Warden.* He argues that under *Lindsey,* RCW 26.09.080 does not govern property dispositions between unmarried parties except by analogy; therefore, RCW 26.09.140 is inapplicable. Under this interpretation the trial court had no statutory basis upon which to award attorney fees to Ms. Helmer. *Lindsey,* at 307, denied a request for attorney fees without giving a reason.

■ RCW Title 26 is applicable to marriage, dissolutions, legal separations and declarations concerning the invalidity of marriage. RCW 26.04; RCW 26.09. This is a declared public policy of our state. Without a specific holding from our Supreme Court that RCW 26.09.140 applies to a meretricious relationship, we conclude that it is for the Legislature to change or amend the statute which now grants attorney fees only where there is or has been a marital relationship between the parties. *See* RCW 26.09.080.

In a recent case, *Lindsey* was interpreted in the context of its meaning for unemployment insurance purposes. *Davis v. Department of Empl. Sec.,* 108 Wn.2d 272, 737 P.2d 1262 (1987). The *Davis* interpretation lends support for our holding today. In *Davis,* at 278–79, the court said:

> In *Lindsey* the concern was a fair distribution of property between two parties in a marriage–like union. *Lindsey* does not stand for the proposition that a meretricious relationship is the same as a marriage. As the California Supreme Court noted . . . the extension of property distribution rights of spouses to partners in meretricious relationships does not elevate meretricious relationships themselves to the level of marriages for any and all purposes.

We hold *Lindsey* applies RCW 26.09.080 to a meretricious relationship only by analogy; therefore, RCW 26.09-.140 is inapplicable and the award of attorney fees to Ms. Helmer was without a statutory foundation.

## C
### EQUITABLE THEORY FOR ATTORNEY FEES

■ Where the natural and proximate consequences of the acts or omissions of a party to an argument or an event

have exposed one to litigation with a third person, equity may allow attorney fees as an element of consequential damages. *Wells v. Aetna Ins. Co.,* 60 Wn.2d 880, 882, 376 P.2d 644 (1962); *Aldrich & Hedman, Inc. v. Blakely,* 31 Wn. App. 16, 19, 639 P.2d 235 (1982). Three elements are necessary to create this equitable right to attorney fees:

> (1) a wrongful act or omission by A towards B; (2) such act or omission exposes or involves B in litigation with C; and (3) C was not connected with the original wrongful act or omission of A towards B.

(Citations omitted.) . . .

*Herzog Aluminum, Inc. v. General Am. Window Corp.,* 39 Wn. App. 188, 191 n.1, 692 P.2d 867 (1984).

Here, Ms. Helmer argues the breach of contract by Mr. Arsenault (A) was a wrongful act toward her (B). Second, Mr. Arsenault knew if payments were not made to Betty Helmer pursuant to their contract, she could not make the payments to the bank on the house mortgage and the bank would foreclose the mortgage, thus exposing her to litigation with the bank. Third, Ms. Helmer argues the bank (C) was not connected to the original wrongful act or omission of A to B because the original wrongful act or omission was the breach of contract between Mr. Arsenault and Ms. Helmer.

This theory is inapplicable to the attorney fees Ms. Helmer incurred after the bank's suit against Ms. Helmer was dismissed when Mr. Arsenault confessed judgment, because the fees are not related to the alleged breach of contract by Mr. Arsenault. Rather the attorney fees Ms. Helmer incurred after dismissal of the issues in her cross complaint against Mr. Arsenault were to settle the property claims between Ms. Helmer and Mr. Arsenault arising out of their meretricious relationship. Further, Ms. Helmer is not entitled to attorney fees for her defense of the bank foreclosure action under an equitable theory because to award attorney fees here would be to extend the equitable theory far beyond its present applicability under *Herzog.* The second prong of the present test is not met as Ms.

Helmer was directly liable on the mortgage and her non-payment of the mortgage led to the foreclosure action. Therefore, we cannot say that Mr. Arsenault's failure to pay Ms. Helmer was the sole reason Ms. Helmer was involved in the litigation.

The Superior Court's award of attorney fees to Ms. Helmer is reversed. Ms. Helmer's request for attorney fees on appeal, pursuant to RAP 18.1, is denied.

GREEN and THOMPSON, JJ., concur.